UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTRAL BOAT RENTALS, INC.** | * | **CIVIL ACTION NO. 06-1324** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **GOLDIN & ASSOCIATES, LLC.** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

Pending before the undersigned for Report and Recommendation are the plaintiff's Motion for Class Certification and the defendant's Motion to Dismiss and Alternatively, to Refer to Bankruptcy Court [rec. docs. 11 and 23].

**PROCEDURAL HISTORY AND ANALYSIS**

The plaintiff's Motion for Class Certification was filed prior to the filing of an answer or responsive pleadings by the defendant. During a status conference held on January 16, 2007, the defendant indicated that responsive pleadings in lieu of an answer to the main demand would be filed. The parties also indicated that discovery with respect to the class certification issue was needed. Accordingly, the plaintiff's Motion for Class Certification was continued without date, pending discovery and a ruling on the defendant's responsive pleadings to the main demand. [rec. doc. 22].

Thereafter, the defendant filed its Motion to Dismiss and Alternatively, to Refer to Bankruptcy Court. In that Motion, the defendant contended, amongst other items, that this court lacked jurisdiction over this lawsuit brought by a bankruptcy creditor against a trustee

appointed as a representative of a debtor's estate pursuant to the *Barton* doctrine[1] which allegedly holds that a Bankruptcy Court is the only court with subject matter jurisdiction over an action against a trustee appointed by that court, unless and until leave of the Bankruptcy Court to pursue the action elsewhere is granted.

In order to avoid an adverse ruling by this court, the plaintiff apparently filed a Motion in the Bankruptcy Court requesting leave of that court to proceed in this court. Oral argument on the plaintiff's Motion was set for hearing before the Bankruptcy Court on April 3, 2007. Accordingly, oral argument on the defendant's Motion to Dismiss and Alternatively, to Refer to Bankruptcy Court was canceled pending a ruling by the Bankruptcy Court. [rec. doc. 33]. To date, no ruling has been issued by the Bankruptcy Court, and it is not clear when that decision will be issued.

Under these circumstances, any ruling on either Motion at the present time would be premature. Accordingly, it is recommended that the plaintiff's Motion for Class Certification and the defendant's Motion to Dismiss and Alternatively, to Refer to Bankruptcy Court [rec. docs. 11 and 23] be **denied as premature**, reserving the parties' rights to re-urge these Motions after the Bankruptcy Court issues its ruling.

**Failure to file written objections to the proposed factual findings and/or the**

---

[1] *See Barton v. Barbour*, 104 U.S. 126 (1881); *Shavers v. Murray*, 2006 WL 1666693 (N.D. Miss. 2006). *See also Carter v. Rodgers,* 220 F.3d 1249 (11th Cir.2000)*; Muratore v. Darr,* 375 F.3d 140 (1st Cir.2004); *In re Linton,* 136 F.3d 544 (7th Cir.1998). *Barton* involved a railroad receiver. However, the holding has been expanded to include claims against Bankruptcy trustees. *See In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bkrtcy N.D.Tex. 2005) citing *Lebovits v. Scheffel (In re Lehal Realty Assoc.*), 101 F.3d 272, 276 (2d Cir.1996)

**proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 12th day of July, 2007, at Lafayette, Louisiana.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE